# LAW OFFICES OF ISAAC H. GREENFIELD PLLC

2 EXECUTIVE BLVD., STE. 305
SUFFERN, NEW YORK 10901
_____

*David J. Pretter, Esq.*  *email: david@greenfieldlawpllc.com*
*Associate Attorney*  *Phone: (718) 564-6268*
 *FAX: (516) 387-1117*

February 23, 2024

**Via CM/ECF:**

**Re:**   1:24-cv-00863-DG-TAM

Dear Your Honor:

We represent Meged Funding Group Corp, the plaintiff in the above-referenced action. Please find this as a request for Remand to State Court.

On January 2, 2024, Plaintiff commenced an action against Varaluz LLC and Ronald Franklin Henderson ("Defendants") in the Supreme Court of the State of New York County of Kings under index number 500126/2024. Service was completed on January 3, 2024. This action included a cause of action for Breach of Contract and for Personal Guarantee. Defendants had entered into a Standard Merchant Cash Advance Agreement on or about November 15, 2023. Plaintiff purchased Defendant's future receivables of $125,415.00 for a Purchase Proce of $85,000.00. Defendants breached the contract by failing to perform on or about December 19, 2023. Defendants paid a total of $58,215.90 to Plaintiff leaving a balance due of $69,199.10.

Defendants have attempted to remove this case to the United States District Court for the Eastern District of New York. They filed a Notice of Removal on February 5, 2024. The filing for removal must be made within 30 days of receipt of the initial pleadings 28 USC 1446 (b). Here, Defendants have filed for removal after the 30 days have elapsed. This time limit, although not

jurisdictional, is "strictly construed and mandatorily enforced." *Evans v. Sroka*, 2001 WL 1160586, at *3 (S.D.N.Y. 2001). For this reason, Remand is appropriate.

Moreover, the amount in controversy does not meet the $75,000 statutory threshold exclusive of costs and attorneys' fees. "The amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." *Elome v. Sva Trucking LLC*, 2021 U.S. Dist. LEXIS 18817, 2021 WL 44898456, at * 1 (E.D.N.Y. Sept. 20, 2021). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 273-274 (2d Cir. 1994). Defendants merely state a damages figure of $86,498.88 in their Notice of Removal. Plaintiff seeks only $69,199.10 in contractual damages. The other amounts are fees and costs which are not to be included in a calculation for an amount in controversy calculation. Defendants only remitted $58,215.90 under the contract prior to defaulting leaving a balance of $69,199.10.

Based on the foregoing, subject-matter jurisdiction is lacking to support removal of this case to federal court.

Sincerely,

**Law Offices of Isaac H. Greenfield PLLC**

By: *David J. Pretter*
David J. Pretter, Esq.