# Kasell Law Firm

February 14, 2024

Magistrate Judge Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

      Re:    *Meged Funding Group Corp. v. Varaluz LLC et al.,* 24 Civ. 00863

Judge Merkl:

      I am counsel for Defendants in the above-captioned action. I write in response to the Order to Show Cause directing Defendants "to file a letter clarifying whether the Eastern District of New York has venue and attaching any pleadings filed in state court."

      I have attached to this letter as Exhibit 1 the Summons and Complaint and the Affidavit of Service filed by Plaintiff's Counsel in the state court action. Paragraph 4 of the Complaint alleges that "Venue is proper in this breach of contract claim, pursuant to the subject contract which contains a clause specifying that New York is the exclusive jurisdiction for all disputes arising under the contract."

      Defendants removed the action to this Court because this is the "district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). In particular, the action was pending in the County of Kings, New York, and thus removed here. *See* 28 U.S. C. § 112(c).

      We apologize that the pleading were not attached to the Notice of Removal, and appreciate the Court's time and attention to this matter.

      Respectfully,

/s/ *David Kasell*
*Attorney for Defendants*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X
MEGED FUNDING GROUP CORP,

                                       *PLAINTIFF,*

-AGAINST-

VARALUZ LLC and RONALD FRANKLIN HENDERSON,

                                       *DEFENDANT(S),*

------------------------------------------------------------------------X

Index No.:
Date Filed:

**SUMMONS**
Plaintiff's Place of Business:
1 Princeton Ave
Brick, NJ 08724

The basis of the venue is pursuant to the contract entered into between the parties. Plaintiff designates Kings County as the place of trial.

TO THE ABOVE-NAMED DEFENDANT(S):

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after completion of service where service is not personally delivered to you within the State of New York); and, in case of your failure to Appear or Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Suffern, New York
       January 2, 2024

_____
Isaac H. Greenfield, Esq.
Law Offices of Isaac H. Greenfield, PLLC
*Attorney for Plaintiff*
2 Executive Blvd., Ste. 305
Suffern, NY 10901
Phone: (718) 564-6268
Fax: (516) 387-1117

**Defendants to be served:**
VARALUZ LLC
4445 Harmon Cove Ct Ste 6, Las Vegas, NV 89103

RONALD FRANKLIN HENDERSON
1848 Monroe Dr NE, Atlanta, GA 30324

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------------X
MEGED FUNDING GROUP CORP,

               INDEX NO.:
               DATE FILED:

        PLAINTIFF,

   -AGAINST-           **VERIFIED COMPLAINT**

VARALUZ LLC and RONALD FRANKLIN HENDERSON,

        DEFENDANT(S).
-------------------------------------------------------------------------------X

  Plaintiff, MEGED FUNDING GROUP CORP, by its attorney, Isaac H. Greenfield, Esq, complaining of the defendant(s), respectfully alleges:

1. Plaintiff, MEGED FUNDING GROUP CORP, is an entity organized under the laws of the United States of America. Plaintiff is an entity authorized to do business in the State of New York.

2. Upon information and belief, at all relevant times Company Defendant VARALUZ LLC (hereinafter "Company Defendant") was and is a company organized and existing under the laws of Nevada.

3. Upon information and belief, at all relevant times, Defendant Guarantor RONALD FRANKLIN HENDERSON (hereinafter "Defendant Guarantor") was and is an individual residing in the State of Georgia. "Defendants" shall include Company Defendant and Defendant Guarantor.

## VENUE

4. Venue is proper in this breach of contract claim, pursuant to the subject contract which contains a clause specifying that New York is the exclusive jurisdiction for all disputes arising under the contract.

## THE FACTS

5. On or about November 15, 2023, Plaintiff and Company Defendant entered into a Standard Merchant Cash Advance Agreement (hereinafter the "Agreement") whereby Plaintiff agreed to purchase all rights of Company Defendant's future receivables having an agreed upon value of $127,415.00. The purchase price for said receivables was $85,000.00.

6. In addition, Defendant Guarantor personally guaranteed any and all amounts owed to Plaintiff from Company Defendant, upon a breach in performance by Company Defendant.

7. Pursuant to the Agreement, Company Defendant agreed to have one bank account approved by Plaintiff from which Company Defendant authorized Plaintiff to make daily ACH withdrawals until the $127,415.00 was fully paid to Plaintiff.

8. Plaintiff remitted the purchase price for the future receivables to Company Defendant as agreed.

9. Initially, Company Defendant met its obligation under the Agreement, however, on or about December 19, 2023, Company Defendant breached the Agreement by failing to perform its obligations under the terms of the Agreement, by blocking and depriving Plaintiff of its daily ACH withdrawals from the specified bank account all while still conducting regular business operations. Company Defendant has paid a total of $58,215.90 to Plaintiff leaving a balance due and owing the amount of $69,199.10.

10. In addition, pursuant to Section 31 of the Agreement, Company Defendant incurred a Default Fee in the amount of $17,299.78 (which, upon the occurrence of an event of default, is calculated as twenty-five percent (25%) of the unpaid/remaining balance of the purchased amount of future receivables to be applied to the balance owed to Plaintiff) for Company Defendant's failure to direct the agreed upon payment(s) to Plaintiff and for Company Defendant changing its bank account from the specified bank account.

11. Despite due demand, Company Defendant has failed to pay the amounts due and owing by Company Defendant to Plaintiff under the Agreement.

12. Additionally, Defendant Guarantor are responsible for all amounts incurred as a result of any default of the Company Defendant.

13. There remains a balance due and owing to Plaintiff on the Agreement in the amount of $86,498.88, plus interest from December 19, 2023, costs, disbursements and attorney's fees.

## FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13 of this complaint as though fully set forth at length herein.

15. Plaintiff gave fair consideration to Company Defendant which was tendered for the right to receive the aforementioned receivables. Accordingly, Plaintiff fully performed under the Agreement.

16. Upon information and belief, Company Defendant is still conducting regular business operations and still collecting receivables.

17. Company Defendant has materially breached the Agreement by failing to divert the specified payment amount to Plaintiff as required under the Agreement.

18. Upon information and belief, Company Defendant has also materially breached the Agreement by using more than one depositing bank account which has not been approved by Plaintiff.

19. By reason of the foregoing, Plaintiff has suffered damages and is entitled to judgment against Company Defendant based on Company Defendant's breach of contract in the amount of $86,498.88, plus interest from December 19, 2023, costs, disbursements and attorney's fees.

## FOR A SECOND CAUSE OF ACTION: PERSONAL GUARANTEE

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 19 of this complaint as though fully set forth at length herein.

21. Pursuant to the Agreement, Defendant Guarantor personally guaranteed that Company Defendant would perform its obligations thereunder and that he or she would be personally liable for any loss suffered by Plaintiff as a result of certain breaches by Company Defendant.

22. Company Defendant has breached the Agreement by failing to pay its obligations to Plaintiff.

23. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant Guarantor based on his or her personal guarantee in the sum of $86,498.88, plus interest from December 19, 2023, costs, disbursements and attorney's fees.

**WHEREFORE**, Plaintiff MEGED FUNDING GROUP CORP requests judgment against Defendants VARALUZ LLC, and **RONALD FRANKLIN HENDERSON** as follows:

(a) on the first cause of action of the complaint, Plaintiff, MEGED FUNDING GROUP CORP requests judgment against Company Defendant in the sum of $86,498.88, plus interest from December 19, 2023, costs and attorney's fees;

(b) on the second cause of action of the complaint, Plaintiff MEGED FUNDING GROUP CORP requests judgment against Defendant Guarantor in the amount of $86,498.88, plus interest from December 19, 2023, costs and attorney's fees;

(c) for such other further relief as this Court deems just and proper.

Dated: Suffern, New York
   January 2, 2024

                Isaac H. Greenfield, Esq.
                Law Offices of Isaac H. Greenfield PLLC
                *Attorney for Plaintiff*
                2 Executive Blvd., Ste. 305
                Suffern, NY 10901
                Phone: (718) 564-6268
                Fax: (516) 387-1117

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MEGED FUNDING GROUP CORP.

INDEX NO.:

PLAINTIFF,

-AGAINST-

VERIFICATION BY A PARTY

VARALUZ LLC and RONALD FRANKLIN HENDERSON,

DEFENDANT(S).
-----------------------------------------------------------------X

STATE OF NEW JERSEY )
                    ) SS.:
COUNTY OF OCEAN     )

Moshe Ludmir, being duly sworn states that he is an Authorized Officer of Plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The foregoing statements are true under penalties of perjury.

_____
Moshe Ludmir

On the 2 day of Jan, in the year 2024 before me personally appeared Moshe Ludmir, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person or entity upon behalf of which the individual acted, executed the instrument.

Notary Seal

_____
Notary Public,
State of  N.J.

My Commission Expires on: 7/8/27

Scanned with CamScanner

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------------X
MEGED FUNDING GROUP CORP,

                                                         **INDEX NO.:**

                      PLAINTIFF,

                     -AGAINST-

VARALUZ LLC and RONALD FRANKLIN HENDERSON,

                    DEFENDANT(S).
-----------------------------------------------------------------------------X

NOTICE OF COMMENCEMENT OF ACTION
SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

      The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

      Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: Suffern, New York
       January 2, 2024

                                                         _____
                                                         Isaac H. Greenfield, Esq.
                                                         Law Offices of Isaac H. Greenfield, PLLC
                                                         *Attorney for Plaintiff*
                                                         2 Executive Blvd., Ste. 305
                                                         Suffern, NY 10901
                                                         Phone: (718) 564-6268
                                                         Fax: (516) 387-1117