UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MEGED FUNDING GROUP CORP.,
       Plaintiff,

 - against -               1:24-cv-00863
VARALUZ LLC and
RONALD FRANKLIN HENDERSON,
       Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO REMAND TO STATE COURT

Plaintiff MEGED FUNDING GROUP CORP. ("PLAINTIFF" and "MEGED"), through counsel, submit this memorandum of law in support of a motion to remand to State Court.

## PRELIMINARY STATEMENT

Plaintiff filed a Summons and Complaint on January 2, 2024 in Supreme Court Kings County under index number 500126/2024. Exhibit 1. Affidavit of Service was filed January 3, 2024. Exhibit 2. The Summons and Complaint alleged two causes of action. Firstly, for Breach of Contract. Secondly, for personal guarantee that Company Defendant would perform its obligations thereunder and that he or she would be personally liable for any loss suffered by Plaintiff as a result of certain breaches by Company Defendant. This was in connection with a Standard Merchant Cash Advance Agreement dated November 15, 2023. Exhibit 3. However, on or about December 19, 2023, Defendants breached the Agreement by failing to perform its obligations under the terms of the Agreement, by blocking and depriving Plaintiff of its daily ACH withdrawals from the specified bank account all while still conducting regular business operations. Company Defendant has paid a total of $58,215.90 to Plaintiff leaving a balance due and owing the amount of $69,199.10. This balance due is the contractual amount owed. Subsequently, on February 5, 2024, Defendants filed a Notice of Removal.

## ARGUMENT

Federal law provides for the removal of a state court case to federal court if "the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have jurisdiction over two types of cases: "cases that 'aris[e] under' federal law," 28 U.S.C. § 1331, and "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the

parties," 28 U.S.C. § 1332(a). Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019). A district court is required to remand a case back to state court if the district court lacks subject matter jurisdiction. See Doe v. Zucker, No. 17 CV 1005, 2018 WL 3520422, at *4 (N.D.N.Y. July 20, 2018) (collecting cases); see also Harraz v. EgyptAir Airlines Co., No. 18 CV 12364, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019). The removing party bears the burden of establishing federal jurisdiction. Montefiore Med. Ctr. v. Teamsters Loc. 272, 642 F.3d 321, 327 (2d Cir. 2011) (citing California Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004)).

Defendants have attempted to remove this case to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1446 outlines the procedural requirements for removing a case from state to federal court, including the timing of removal, the contents of the notice of removal, and the procedures for challenging the removal. It also addresses issues such as diversity jurisdiction, federal question jurisdiction, and the citizenship of the parties. Under 28 U.S.C. § 1446, if a defendant fails to file a notice of removal within the prescribed time frame, they may lose their right to remove the case to federal court. The filing for removal must be made within 30 days of receipt of the initial pleadings 28 USC 1446 (b). Here, Defendants have filed for removal after the 30 days have elapsed. This time limit, although not jurisdictional, is "strictly construed and mandatorily enforced." Evans v. Sroka, 2001 WL 1160586, at *3 (S.D.N.Y. 2001). Plaintiff served the Summons and Complaint pursuant to the Agreement Section 43. Moreover, the parties in executing the Agreement consented that such service will be deemed complete upon dispatch.

Removal under 28 U.S.C. § 1332(a) is proper when "complete diversity" exists–specifically, when all plaintiffs are citizens of states diverse from those of all defendants.

Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 117-18 (2d Cir. 2014) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)). In an action based on diversity jurisdiction, Fed. R. Civ. P. 7.1(a)(2) requires parties to file a disclosure statement identifying their citizenship. The Eastern District's Local Civil Rules specifically require that a Notice of Removal identify the citizenship of each member of a limited liability company that is a party. Local Civ. R. 81.1.

To establish citizenship an LLC must list the names of its members, whether they are individuals or entities (corporations, limited liability companies), and the factual basis for determining the citizenship of each. Allard v. Lowe's Home Ctr., LLC, 2022 U.S. Dist. LEXIS 25290; 2022 WL 625730 at * 7 (D. Conn. Feb. 11, 2022). Clearly, Defendants have not complied with this requirement.

The amount in controversy requirement varies depending on the type of claim being brought. For diversity jurisdiction cases, which involve disputes between parties from different states, the amount in controversy must exceed $75,000, as per 28 U.S.C. § 1332. This means that if the damages sought by the plaintiff exceed $75,000, exclusive of interest and costs, the case may be brought in federal court. The amount in controversy in this action does not meet the $75,000 statutory threshold exclusive of costs and attorneys' fees. "The amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." Elome v. Sva Trucking LLC, 2021 U.S. Dist. LEXIS 18817, 2021 WL 44898456, at * 1 (E.D.N.Y. Sept. 20, 2021). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the

plaintiff's action from state court." Lupo v. Human Affairs Int'l, 28 F.3d 269, 273-274 (2d Cir. 1994). Defendants merely state a damages figure of $86,498.88 in their Notice of Removal. Plaintiff seeks only $69,199.10 in contractual damages. The other amounts are fees and costs which are not to be included in a calculation for an amount in controversy calculation. Defendants only remitted $58,215.90 under the contract prior to defaulting leaving a balance of $69,199.10. Plaintiff is willing to waive all other fees and only pursue a claim for the contractual balance of $69,199.10.

Lastly, Defendants are contractually barred from removal to Federal Court. A contractual bar from removal refers to a provision in a contract or agreement that prohibits one or both parties from removing a dispute arising from that contract to federal court.

If a contractual bar from removal is present in a contract, it means that the parties have agreed that any disputes arising from the contract will be resolved exclusively in state court. This effectively waives the right to remove the case to federal court, even if federal jurisdiction would otherwise exist based on diversity of citizenship or federal question.

Courts generally uphold contractual provisions that limit or waive the right to remove a case to federal court, provided that the provision is clear and unambiguous and that it does not violate public policy or federal law.

The basic law regarding forum selection clauses is straightforward: courts should "enforce a contractual forum selection clause unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." Jones v. Weibrecht, 901 F.2d 17, 18 (2d Cir. 1990) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)). Forum selection clauses are interpreted according to standard principles of contract law. See Bison Pulp & Paper, Ltd. v. M/V Pergamos,

No. 89 Civ. 1392, 1995 WL 880775, at *10 (S.D.N.Y. Nov.29, 1995) (citing John Boutari & Son v. Attiki Importers, 22 F.3d 51, 53 (2d Cir.1994)). The waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal. See John's Insulation v. Siska Construction Co., Inc., 671 F. Supp. 289, 294 (S.D.N.Y. 1987) (citations omitted); City of New York v. Pullman Inc., 477 F. Supp. 438, 443 (S.D.N.Y.1979).

Here, pursuant to Section 35 of the Agreement, Exhibit 3, Plaintiff and Defendant contractually agreed to a Venue and Forum Selection clause. This clause states that any litigation relating to this Agreement, whether sounding in contract, tort, law, equity, or otherwise, or involving MFG(Plaintiff) on one side and any Merchant or any Guarantor(Defendants) on the other must be commenced and **maintained** (emphasis added) in any court located in the Counties of Kings, Nassau, New York, or Sullivan in the State of New York (the "Acceptable Forums").

Furthermore, if any litigation is initiated in any other venue or forum, the parties waive any right to oppose any motion or application made by any party to transfer such litigation to an Acceptable Forum. Id.

Lastly, notwithstanding any provision in this Agreement to the contrary, each Merchant and each Guarantor waives the right to remove to federal court any litigation commenced against it by MFG in a state court.

This provision is clear and unambiguous. Defendants signed each and every page of the Agreement.  It can not be more clear from the contractual language that removal is inappropriate while remand is required.

**<u>CONCLUSION</u>**

Based upon the foregoing reason, Remand is appropriate.'

                                      Respectfully,
                                      /s/ <u>DAVID J. PRETTER</u>
                                      David J. Pretter, Esq. (3138)
                                      Law Offices of Isaac H. Greenfield PLLC
                                      Attorney for Plaintiff

Via:
ECF